669 P.2d 601

**The STATE of Arizona, Appellee,**

v.

**Pedro Moya RODRIGUEZ, Appellant.**

**No. 2 CA–CR 2733–2.**

Court of Appeals of Arizona, Division 2.

April 12, 1983.

Rehearing Denied May 31, 1983.

Review Denied June 23, 1983.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Linda A. Akers, Phoenix, for appellee.

Frederic J. Dardis, Pima County Public Defender by Yvonne Ayers, Tucson, for appellant.

## OPINION

HATHAWAY, Judge.

Appellant was found guilty after a jury trial of second-degree assault, criminal damage to property and fleeing from a law enforcement vehicle, with two non-dangerous prior felony convictions. He was sentenced to concurrent prison terms of five years for fleeing from a law enforcement vehicle and 3.75 years for the criminal damage conviction. He was sentenced to a 30-day jail term for the assault conviction.

The charges arose from an incident which occurred on October 4, 1979, in Tucson. The victim of the assault, Todd Moreland, testified that at approximately 1 a.m. on that date, he was driving with a friend when his vehicle was rammed by appellant for no apparent reason other than that words had been exchanged between Moreland's passenger and appellant at the prior stoplight. Moreland attempted to elude appellant but a confrontation eventually occurred and appellant left his vehicle together with his passenger and they attacked Moreland and his passenger. During the fight, appellant stabbed Moreland in the back. A University of Arizona police vehicle drove by and appellant fled. The cam-

pus policemen gave chase and were joined in a high-speed pursuit by Tucson police officers. The chase ended in a foot race through a residential area when appellant, apparently unaware of a steep ravine due to the darkness, fell ten feet to the bottom and was found unconscious by the officers. He was taken to Kino Community Hospital for treatment.

While he was being treated in the emergency room, appellant was interviewed by Sergeant Sees who had received the permission of emergency room personnel. During the questioning, appellant did tell the officers that his mouth hurt (he sustained a severe injury to his mouth area), but did not complain of any nausea or dizziness, or difficulty in remaining conscious. He was treated and released from the hospital.

Appellant's sole contention on appeal is that statements he gave to the investigating officers while he was being treated in the hospital emergency room were involuntary and were used at trial in violation of the United States Supreme Court decision of *Mincey v. Arizona,* 437 U.S. 385, 98 S.Ct. 2408, 57 L.Ed.2d 290 (1978). The statements were given voluntarily and we affirm.

■ The trial court will look to the totality of the circumstances surrounding the giving of the statements in question, as presented at the voluntariness hearing, and decide whether the state has met its burden.[1] *State v. Arnett,* 119 Ariz. 38, 579 P.2d 542 (1978), citing *Schneckloth v. Bustamonte,* 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). The trial court's determination of admissibility will not be upset on appeal absent clear and manifest error. *State v. Arnett,* supra; *State v. Bishop,* 118 Ariz. 263, 576 P.2d 122 (1978).

In *Mincey,* supra, the court concluded that the defendant was at the complete mercy of the officer due to the extreme pain he was experiencing, along with the encumbrance presented by various tubes, needles and breathing apparatus. Mincey repeatedly requested that the interrogation cease until he could get a lawyer's help. He was unable to speak and had to write his answers for the officer, some of which were not coherent. He complained that he was confused but the interrogation ceased only when Mincey slipped into unconsciousness or received medical treatment.

■ The facts of the instant case are clearly different. Appellant was not physically encumbered by medical paraphernalia although he did complain of the pain from the injury to his mouth. His injury did not require hospitalization. He did not request that the interrogation stop. He was not heavily sedated as was Mincey. The facts herein present a situation closer to the facts in *United States v. Knife,* 592 F.2d 472 (8th Cir.1979), and in *United States v. Martinez-Perez,* 625 F.2d 541 (5th Cir.1980), where the courts refused to suppress statements as involuntarily given under hospital interview circumstances.

The court had before it photographs of the injury. Sergeant Sees testified that appellant mentioned that the injury hurt. Medical personnel gave the officers permission to question appellant. Most importantly, appellant's responses do not indicate that he was confused. He gave three versions of how he suffered his injury, including a claim that one of the investigating officers beat him. He argues that this demonstrates the extent of his disorientation. The trial court may have concluded that the conflicting statements showed that appellant realized it was incumbent upon him to hide his involvement in criminal activity and quickly changed stories in an effort to convince the officers. His claim that the officer beat him occurred after the interrogation ceased and apparently signalled his resignation that his story was not believable.

---

1. As the state points out, appellant proceeded with the presentation at the hearing although the state had the burden of proving voluntariness. Appellant does not raise this as an issue on appeal and the error is harmless where there was evidence presented to satisfy the burden of proof required of the prosecution. *Ryan v. Superior Court in and for the County of Maricopa,* 121 Ariz. 385, 590 P.2d 924 (1979).

■ Appellant argues that he was intoxicated during the interrogation and that this should further support his claim that the statement was involuntary. The evidence presented on this point was testimony by Sergeant Sees that appellant smelled of intoxicants but the officer "couldn't say for sure that he was intoxicated." This opinion followed an acknowledgment by the officer that he previously had stated that he believed the appellant had been intoxicated. There was sufficient evidence presented for the trial court to have concluded that appellant was not intoxicated to the extent that he was unable to understand the meaning of his statements. *State v. Laffoon*, 125 Ariz. 484, 610 P.2d 1045 (1980); *State v. Godinez*, 111 Ariz. 397, 531 P.2d 154 (1975).

There being no showing that the trial court's ruling was clearly erroneous, the motion to suppress was properly denied.

Affirmed.

HOWARD, C.J., and BIRDSALL, J., concur.