71 P.3d 370

**STATE of Arizona, Appellee,**

v.

**Albert SOLTERO, Appellant.**

**No. 1 CA–CR 02–0698.**

Court of Appeals of Arizona, Division 1, Department E.

July 3, 2003.

Deborah Spinner, Mesa City Attorney, by William B. Burke, Assistant City Prosecutor, Mesa, Attorneys for Appellee.

Neal W. Bassett, Phoenix, Attorney for Appellant.

## OPINION

WINTHROP, Judge.

¶1 Albert Soltero ("defendant") appeals his conviction for driving while under the extreme influence of intoxicating liquor ("extreme DUI") in violation of Arizona Revised Statutes ("A.R.S.") section 28–1382(A) (Supp. 2002). Defendant challenges the constitutionally of the 2001 amendment to this statute, which reduced the alcohol concentration limit for extreme DUI from 0.18 to 0.15. Specifically, defendant contends that, because this amendment was enacted with an emergency clause and thereby became immediately effective on the date it was signed by the governor, it violated the due process clauses of the United States and Arizona constitutions by failing to provide adequate notice regarding the prohibited conduct. We conclude that having a criminal statute become immediately effective pursuant to an emergency clause does not violate due process and therefore affirm.

### FACTS AND PROCEDURAL HISTORY

¶2 On May 11, 2001, defendant was stopped by the police and charged in Mesa City Court with, among other traffic violations, driving a vehicle while under the extreme influence of intoxicating liquor in violation of A.R.S. § 28–1382(A). Prior to trial, defendant moved to dismiss the extreme DUI charge arguing that the 2001 legislative amendment to A.R.S. § 28–1382(A), which reduced the alcohol concentration limit for extreme DUI from 0.18 to 0.15, was unconsti-

tutional because its effective date provided insufficient notice to comply with due process. After the trial court denied the motion, the parties agreed to submit the case to the court on a stipulated record consisting of the police department report. Based on the stipulated record, the trial court found defendant guilty of extreme DUI as charged.

¶3 Defendant filed an appeal to the superior court in Maricopa County in which he again raised the issue of the constitutionality of the effective date of the 2001 amendment of A.R.S. § 28–1382(A). The superior court rejected defendant's lack of notice argument and affirmed his conviction. Defendant thereafter filed a timely appeal to this court. We have jurisdiction pursuant to Article VI, Section 9 of the Arizona Constitution and A.R.S. § 22–375 (2002). *See State v. Bolan,* 187 Ariz. 159, 160–61, 927 P.2d 819, 820–21 (App.1996)(jurisdiction existed under A.R.S. § 22–375 to address claim that statutes pertaining to breath testing violated defendant's due process rights).

### ANALYSIS

¶4 The legislature established the offense of extreme DUI in 1998. *See* 1998 Ariz. Sess. Laws, ch. 302, § 23. As originally enacted, A.R.S. § 28–1382(A) provided:

It is unlawful for a person to drive or be in actual physical control of a vehicle in this state if the person has an alcohol concentration of 0.18 or more within two hours of driving or being in actual physical control of the vehicle. A person who is convicted of a violation of this section is guilty of driving or being in actual physical control of a vehicle while under the extreme influence of intoxicating liquor.

¶5 In 2001, the legislature passed an amendment to A.R.S. § 28–1382(A) reducing the alcohol concentration level for extreme DUI from 0.18 to 0.15. 2001 Ariz. Sess. Laws, ch. 51, § 2. The legislation included an emergency measure clause, which provided for it to be operative immediately. *Id.* at § 3. Accordingly, this amendment became effective on April 4, 2001, when it was signed by the governor and filed with the secretary

of state.[1] *See Clark v. Boyce*, 20 Ariz. 544; 547, 185 P. 136, 137 (1919)("Emergency laws when passed according to the forms prescribed by the Constitution, become effective at once and prevent a referendum.").[2]

¶ 6 Defendant contends that having a criminal statute become immediately effective violates due process because it fails to provide adequate notice of its enactment. In making his argument, defendant analogizes to statutes that are held unconstitutional as unduly vague when they fail to provide fair warning as to what is permitted and what is prohibited. *See, e.g., State v. Western*, 168 Ariz. 169, 171–72, 812 P.2d 987, 989–90 (1991). He suggests that this "lack of notice" problem be resolved by having all criminal statutes— including those passed with an emergency clause—become effective ninety-one days after the end of the legislative session like all other legislation in the usual non-emergency manner. *See* Ariz. Const. Art. 4, pt. 1, § 1(3). Applying this approach to the 2001 amendment of the extreme DUI statute, the reduction in the alcohol concentration limit would not be effective until August 9, 2001, the ninety-first day after the end the first regular session of the 45th Legislature. As a result, defendant maintains, the 2001 amendment to A.R.S. § 28–1382(A), could not be enforced against him on May 11, 2001, the date of his charged offense.

■ ¶ 7 The problem with defendant's argument is that it is grounded upon a false premise. Contrary to defendant's contention, there is no general due process requirement that the government give notice of the enactment of legislation, criminal or otherwise. *See Torres v. I.N.S.*, 144 F.3d 472, 474 (7th Cir.1998)("[I]t is an impermissible leap to conclude that Congress is under a constitutional duty to take measures, whether by indexing a new statute, or deferring the statute's effective date long enough to enable the contents of the statute to be widely disseminated, to make sure that no one is caught unawares by a change in law."). The promulgation of a law by a legislature in accordance with its constitutional obligations is deemed to constitute adequate notice to all. *See* 21 Am.Jur.2d, *Criminal Law* § 153 at 234 (1998); *Johnston v. Iowa Dept. of Human Services*, 932 F.2d 1247, 1249–50 (8th Cir.1991)("Enactment of statutes and promulgation of regulations, where there is no defect in the legislative process, provide all the notice that is due."). As our supreme court has explained: "The administration of justice, the law itself as a practical system of the regulation of human conduct, requires that some fundamental assumptions should be made as postulates. The most important of all these is the assumption that all persons of sound and mature mind are presumed to know the law." *Merrill v. Gordon*, 15 Ariz. 521, 532, 140 P. 496, 500 (1914) (citation and internal quotation omitted); *see also State v. Morse*, 127 Ariz. 25, 31, 617 P.2d 1141, 1147 (1980)("It is generally accepted that ignorance, or lack of knowledge, of the law which forbids the conduct with which one is charged is no defense.").

¶ 8 This concept of ignorance of the law being no excuse is codified in Arizona in A.R.S. § 13–204(B) (2001). *See* 1 Rudolph J. Gerber, *Criminal Law of Arizona* § 1– 204(B) (2d ed. 1993)("The underlying assumption of this section is that the content of the criminal law approximates the average person's actual assessment of tolerable behavior and that the citizenry knows everything needed to obey the law."). Consequently,

[a] defendant convicted of a crime created by a statute that took effect the day before he committed the crime would ordinarily have no defense of lack of fair notice, even if the enactment of the statute had received no publicity at all, so that the defendant had proceeded in warranted, perhaps indeed unavoidable, ignorance of it.

---

1. The duties of the secretary of state include publishing slip laws of each act of the legislature promptly upon passage and approval of such act and making such acts available to interested persons. A.R.S. § 41–121(7) (1999).

2. *Boyce* explained that the purpose of the typical ninety-day period following passage of legislation, but prior to its effective date, is intended "[t]o give the people an opportunity to invoke [a] referendum...." 20 Ariz. at 547, 185 P. at 137. As noted above, however, emergency legislation is not subject to referendum.

*Torres,* 144 F.3d at 474; *see also People v. Cargill,* 38 Cal.App.4th 1551, 45 Cal.Rptr.2d 480, 482–83 (1995)(holding "three strikes" law that went into effect immediately when filed with the secretary of state as emergency measure governed the defendant's offense, which occurred approximately seven and one-half hours later that same date).

¶ 9 The United States Supreme Court, however, has recognized a limited exception to the general rule that ignorance of the law is no excuse. In *Lambert v. California,* 355 U.S. 225, 226–27, 78 S.Ct. 240, 2 L.Ed.2d 228(1957), the Court addressed a city ordinance that criminally penalized felons who remained in Los Angeles more than five days without registering with the police. The Court held that a conviction under this registration provision violated due process when the defendant had no notice whatsoever that remaining in the city might lead to criminal prosecution. *Id.* at 228–30, 78 S.Ct. 240. The Court reasoned that the defendant's failure to register was "wholly passive" and her omission to act was, therefore, "unlike the commission of acts, or the failure to act under circumstances that should alert the doer to the consequences of his deed." *Id.* at 228, 78 S.Ct. 240. Under these circumstances, the Court concluded, the defendant could "not be convicted consistently with due process" without notice of the registration requirement. *Id.* at 229–30, 78 S.Ct. 240.

¶ 10 This narrow exception recognized in *Lambert* has no application to defendant's case. First, *Lambert* dealt with a situation involving a "wholly passive" act. Other courts that have considered similar due process claims have refused to extend *Lambert* "to situations that involved any element of 'active'—as distinct from 'merely passive'—behavior." *United States v. Hancock,* 231 F.3d 557, 564 (9th Cir.2000); *see also United States v. Meade,* 175 F.3d 215, 225–26 (1st Cir.1999)(noting "any attempt to introduce *Lambert* into new environs must be viewed with great circumspection."). Defendant's conduct in operating a vehicle under the influence cannot be construed as a "passive act." Second, *Lambert* has further been con-fined to those situations in which the "circumstances which might move one to inquire as to the necessity of registration [were] completely lacking." *United States v. Kafka,* 222 F.3d 1129, 1132 (9th Cir.2000)(quoting *Lambert,* 355 U.S. at 229, 78 S.Ct. 240).

¶ 11 Given the essentially universal and long standing laws throughout our country prohibiting the operation of a vehicle while under the influence, defendant cannot rationally claim that he had no reason to believe his conduct would not be subject to statutory prohibition. Accordingly, defendant was on notice of the existence of laws regulating such conduct and cannot avoid prosecution by asserting that the State failed to inform him of the statute's particulars. In short, defendant's conduct "does not involve conduct or circumstances so presumptively innocent as to fall within *Lambert's* exception to the traditional rule that ignorance of the law is no defense. . . ." *Id.*

### CONCLUSION

¶ 12 Defendant does not claim that any irregularities occurred with regard to the manner in which the 2001 amendment to A.R.S. § 28–1382(A) was enacted by the legislature. Because the amendment was passed with an emergency clause, it became effective on April 4, 2001, the date it was signed by the governor and filed with the secretary of state. The absence of any grace period or specific notice to the public regarding the enactment of the amendment does not present any constitutional bar to the immediate enforcement of the amended statute. Defendant's conviction is affirmed.

CONCURRING: PHILIP HALL, Judge, and ROBERT R. MOON, Judge Pro Tempore.*

---

* NOTE: The Honorable ROBERT R. MOON, Judge of the Superior Court of Mohave County, was authorized by the Chief Justice of the Arizona Supreme Court to participate in the disposi-

tion of this appeal pursuant to the Arizona Constitution, Article 6, Section 3, and A.R.S. §§ 12–145 to –147 (1992 & Supp.2002).