224 P.3d 223

The STATE of Arizona, Appellee,

v.

Jesus Humberto SOTO, Appellant.

Nos. 2 CA–CR 2008–0405,
2 CA–CR 2008–0406.

Court of Appeals of Arizona,
Division 2, Department B.

Feb. 8, 2010.

Terry Goddard, Arizona Attorney General By Laura P. Chiasson, Tucson, Attorneys for Appellee.

Isabel G. Garcia, Pima County Legal Defender By Robb P. Holmes, Tucson, Attorneys for Appellant.

ECKERSTROM, Presiding Judge.

¶ 1 Appellant Jesus Soto was convicted of various offenses after jury trials in two separate criminal cases, and he filed an appeal in each case. Appellee State of Arizona moved to dismiss Soto's appeals on the ground this court lacked jurisdiction pursuant to A.R.S. § 13–4033(C). After we originally granted the state's motions and initially denied Soto's motion to recall our mandate issued in No. 2 CA–CR 2008–0405, we subsequently consolidated the two appeals and recalled the mandates after concluding we had improvidently granted the state's motions to dismiss filed in both appeals before comprehensively considering the underlying issues. Because we conclude § 13–4033(C)'s provisions as applied to Soto would be unconstitutional, we now deny the state's motions to dismiss, thereby affirming the reinstatement of these appeals.

¶ 2 On July 1, 2004, in Pima County cause number CR–20031147, a jury found Soto guilty of possession of a deadly weapon by a prohibited possessor. Although he had appeared for the first two days of trial, he failed to appear on the third day. On August 4, 2004, in Pima County cause number CR–20040081, Soto was tried by a jury in absentia and found guilty of, *inter alia,* possession of a narcotic drug for sale. Warrants were issued for Soto's arrest in both cases, but he was not apprehended until October 2008. The trial court sentenced him on December 1, 2008, to an enhanced, presumptive term of ten years' imprisonment in CR–20031147, to be served concurrently with the sentences imposed in CR–20040081, the longer of which were aggravated terms of thirteen years.

¶ 3 Although a defendant may waive his appearance at trial, *State v. Tamplin,* 126 Ariz. 175, 177, 613 P.2d 839, 841 (App.1980), the sentencing generally cannot occur in his absence. Ariz. R.Crim. P. 26.9; *State v. Fettis,* 136 Ariz. 58, 59, 664 P.2d 208, 209 (1983). Thus, defendants, like Soto, who are convicted but fail to appear for sentencing, may prevent sentencing from occurring until they later appear voluntarily or are arrested. *See State v. LeMaster,* 137 Ariz. 159, 669 P.2d 592, *supp. op.,* 137 Ariz. 168, 168, 669 P.2d 601, 601 (App.1983).

¶ 4 In 2008, the Arizona legislature amended § 13–4033, the statute governing appeals that may be taken by a criminal defendant, by adding a new subsection. The statute had previously read:

A. An appeal may be taken by a defendant only from:

1. A final judgment of conviction or verdict of guilty except insane.

2. An order denying a motion for a new trial or from an order made after judgment affecting the substantial rights of the party.

3. A sentence on the grounds that it is illegal or excessive.

B. In noncapital cases a defendant may not appeal from a judgment or sentence that is entered pursuant to a plea agreement or an admission to a probation violation.

1993 Ariz. Sess. Laws, ch. 256, § 6. The 2008 amendment added subsection (C), which states that "[a] defendant may not appeal under subsection A, paragraph 1 or 2 if the defendant's absence prevents sentencing from occurring within ninety days after conviction and the defendant fails to prove by clear and convincing evidence at the time of sentencing that the absence was involuntary."[1] § 13–4033(A), (C); *see also* 2008 Ariz. Sess. Laws, ch. 25, § 1.

¶5 Soto argues, *inter alia*, that the application of § 13–4033(C) to him violates article II, § 24 of the Arizona Constitution. We have a duty to construe a statute so that it is constitutional. *State v. Ramsey*, 211 Ariz. 529, ¶17, 124 P.3d 756, 763 (App.2005). And, in construing a statute, our principal goal is to give effect to the legislature's intent; the plain language of the statute is usually the best evidence of that intent. *State v. Rios*, 217 Ariz. 249, ¶7, 172 P.3d 844, 845 (App.2007).

¶6 Article II, § 24 expressly provides that persons "accused in criminal prosecutions" have "the right to appeal in all cases." Because § 13–4033(C) takes away an accused's right to a direct appeal in certain circumstances, it is facially unconstitutional, unless we can conclude another meaningful avenue of obtaining state appellate redress is available to such defendants. *See Montgomery v. Sheldon*, 181 Ariz. 256, 889 P.2d 614, *supp. op.*, 182 Ariz. 118, 119 n. 1, 893 P.2d 1281, 1282 n. 1 (1995) (interpreting state constitutional right to appellate review as "an essential safeguard against wrongful conviction" requiring "a meaningful form of appeal"); *see also State v. Schackart*, 175 Ariz. 494, 498–99, 858 P.2d 639, 643–44 (1993) (record must be sufficient "to afford defendant a meaningful right of appeal" under state constitution).

¶7 Preliminarily, we observe that by taking away absconding defendants' right to appeal, § 13–4033(C) presumably leaves such defendants only one avenue of appellate review: post-conviction relief pursuant to Rule 32, Ariz. R.Crim. P. In the analogous context of the legislature's adoption of § 13–

4033(B), a provision precluding a pleading defendant from directly appealing his conviction or sentence, *see* 1992 Ariz. Sess. Laws, ch. 184, § 1, our supreme court held Rule 32 relief was still available to those defendants. *See Wilson v. Ellis*, 176 Ariz. 121, 123, 859 P.2d 744, 746 (1993) ("Clearly, art. [II], § 24 guarantees some form of appellate relief."). And, the court found that a defendant's right to file a petition pursuant to Rule 32 satisfied a pleading defendant's right to appeal under the Arizona Constitution. *See State v. Smith*, 184 Ariz. 456, 458, 910 P.2d 1, 3 (1996) ("It is through operation of the rules governing post-conviction relief that our constitutional guarantee of appellate review in all cases is effectuated for pleading defendants."); *Montgomery*, 181 Ariz. at 258, 889 P.2d at 616 (for pleading defendants, "a Rule 32 proceeding is the only means available for exercising the constitutional right to appellate review"); *Ellis*, 176 Ariz. at 123, 859 P.2d at 746 ("It was precisely because of art. [II], § 24 that this court expressly left open the avenue of appellate review by [post-conviction relief] in lieu of direct appeal when it amended the rules with respect to cases involving admissions of probation violations [and guilty pleas]."); *State v. Carriger*, 143 Ariz. 142, 146, 692 P.2d 991, 995 (1984) (post-conviction relief " 'designed to accommodate the unusual situation where justice ran its course and yet went awry' "). Because § 13–4033(C) similarly withholds only the right of "appeal" and does not preclude specifically any class of defendants from seeking post-conviction relief, we assume that Rule 32 remedies likewise would remain available to defendants who have delayed their sentencing proceedings by voluntarily failing to appear.

¶8 But unlike § 13–4033(B), § 13–4033(C) applies to non-pleading defendants. We must therefore determine whether a Rule 32 proceeding similarly satisfies a non-pleading defendant's constitutionally protected right to a meaningful appeal. As discussed below, the nature and extent of the legal claims available to a pleading defendant are markedly narrower than those available to a de-

---

1. The 2008 amendment also divided the two types of appealable orders set forth in former § 13–4033(A)(2) into two separate subsections. *See* 2008 Ariz. Sess. Laws, ch. 25, § 1.

fendant who has been convicted after trial. And, as discussed below, the cognizable claims for relief that may be asserted in a Rule 32 proceeding, *see* Ariz. R.Crim. P. 32.1, encompass all conceivable claims a pleading defendant could raise. But Rule 32 does not provide a corresponding avenue of appeal for many potential trial and other claims that a non-pleading defendant might raise. We conclude, therefore, that Rule 32 does not satisfy a non-pleading defendant's right to appeal under article II, § 24.

¶ 9 There can be little dispute that the range of potential appellate claims a non-pleading defendant might raise in challenging a conviction and sentence is considerably broader than that available to a pleading defendant. A defendant who enters a valid guilty plea waives the "right to assert on appeal all nonjurisdictional defenses, errors and defects occurring prior to the plea proceedings." *State v. Moreno,* 134 Ariz. 199, 200, 655 P.2d 23, 24 (App.1982), *disapproved on other grounds by State ex rel. Dean v. Dolny,* 161 Ariz. 297, 778 P.2d 1193 (1989); *accord State v. Lerner,* 113 Ariz. 284, 284–85, 551 P.2d 553, 553–54 (1976). The primary challenges that remain for a pleading defendant are challenges to the validity of the plea agreement and challenges to the sentence imposed. *See* Crane McClennen, *Eliminating Appeals from Guilty Pleas: Making the Process More Efficient,* 29 Ariz. Att'y 15, 16 (Nov.1992) (setting forth types of cognizable appellate challenges for pleading defendants); *see, e.g., State v. Phillips,* 139 Ariz. 327, 329, 678 P.2d 512, 514 (App.1983).

¶ 10 A valid guilty plea is one that has a sufficient factual basis and is entered knowingly, intelligently, and voluntarily with the competent assistance of counsel under federal constitutional standards. *See State v. Hamilton,* 142 Ariz. 91, 94 n. 3, 688 P.2d 983, 986 n. 3 (1984); *State v. Reed,* 121 Ariz. 547, 548, 592 P.2d 381, 382 (App.1979); *see also Hill v. Lockhart,* 474 U.S. 52, 58–59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (applying Sixth Amendment standard for ineffective assistance of counsel in guilty plea context); *Boykin v. Alabama,* 395 U.S. 238, 242–43, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) (requiring knowing, voluntary, and intelligent waiver for

valid guilty plea); *State v. Johnson,* 181 Ariz. 346, 349–50, 890 P.2d 641, 644–45 (App.1995) (reviewing whether sufficient factual basis supported plea). Because Rule 32 provides a remedy for constitutional deficiencies in the plea process and any contention that the defendant has failed to provide a sufficient factual basis for the guilty plea, it provides a meaningful avenue of appeal for all conceivable challenges to the guilty plea. *See* Ariz. R.Crim. P. 32.1 (allowing, *inter alia,* challenges to convictions in violation of the United States Constitution); *Ellis,* 176 Ariz. at 123, 859 P.2d at 746 ("A [petition for post-conviction relief] allows the defendant, under certain circumstances, to attack the factual or legal basis for the [plea or] admission or to attack the process by which the [guilty plea or] admission of probation violation was accepted by the judge."); *State v. Szpyrka,* 223 Ariz. 390, ¶ 3, 224 P.3d 206, 2010 WL 124801, 573 Ariz. Adv. Rep. 14, ¶ 3 (Ct.App. Jan. 14, 2010) (noting pleading defendant can challenge factual basis for plea in petition for post-conviction relief). And, Rule 32 likewise provides a remedy for sentencing errors. *See* Ariz. R.Crim. P. 32.1(c), (d).

¶ 11 Moreover, as we have previously observed, many claims challenging the validity of a guilty plea require the presentation of additional evidence as to the mental state of the defendant or the competency of counsel's advice. *See, e.g., State v. Crowder,* 155 Ariz. 477, 481–82, 747 P.2d 1176, 1180–81 (1987) (concluding case challenging plea's validity could not be decided without "original evidence" and remanding to trial court for evidentiary hearing). Indeed, long before our legislature prohibited the filing of a direct appeal to challenge a guilty plea, our supreme court had "condemned the practice of raising an issue concerning a plea agreement for the first time in an appeal brief," reasoning "[t]he appellate process is taxed enough with the volume of cases that pose serious questions for resolution. It is an abuse of the process to clog an already crowded docket with appeals that could easily be resolved under the Rule 32 process." *State v. Anderson,* 160 Ariz. 412, 414–15, 773 P.2d 971, 973–74 (1989); *see also State v. Georgeoff,* 163 Ariz. 434, 437, 788 P.2d 1185, 1188

(1990) (breach of plea agreement cannot be raised first by direct appeal but may be raised by Rule 32); *Crowder*, 155 Ariz. at 479, 747 P.2d at 1178 (Rule 32 "proper procedure" to challenge validity of plea agreement). Thus, the 1992 amendment precluding a direct appeal for pleading defendants was simply the codification of the courts' move toward resolving all pleading defendants' appellate claims in a Rule 32 proceeding.

¶ 12 By contrast, a non-pleading defendant like Soto, who was convicted after a jury trial, has numerous potential claims of error that could be raised on direct appeal but are not cognizable claims under Rule 32.1, including errors occurring under state law with no accompanying federal or state constitutional right. Such claims include nontrivial questions of state statutory interpretation, asserted violations of our state rules of criminal procedure, and asserted errors in the admission or preclusion of evidence pursuant to our state rules of evidence. *E.g., State v. Grannis*, 183 Ariz. 52, 57, 900 P.2d 1, 6 (1995) (finding reversible error in trial court's admission of inflammatory evidence pursuant to Rule 403, Ariz. R. Evid.); *State v. Cruz*, 137 Ariz. 541, 546, 672 P.2d 470, 475 (1983) (reversing convictions based on trial court's failure to grant a severance under state standards); *State v. Rodriguez–Rosario*, 219 Ariz. 113, ¶¶ 7–8, 19–20, 193 P.3d 807, 809, 811 (App.2008) (vacating conviction based on juror coercion and erroneous denial of motion for mistrial under rules of criminal procedure); *State v. Coghill*, 216 Ariz. 578, ¶¶ 27–28, 169 P.3d 942, 949 (App.2007) (reversing conviction based on improper admission of evidence pursuant to Rule 404(b), Ariz. R. Evid.); *State v. Johnson*, 205 Ariz. 413, ¶¶ 2, 7, 72 P.3d 343, 345, 346 (App.2003) (conviction reversed based on erroneous jury instruction under state law). Given that Rule 32 offers no post-conviction remedy for so many potential trial and pretrial claims, we conclude that Rule 32 does not satisfy the constitutional right of non-pleading defendants to meaningfully appeal their convictions. *See Montgomery, supp. op.*, 182 Ariz. at 119 n. 1, 893 P.2d at 1282 n. 1; *State v. Delgarito*, 189 Ariz. 58, 59, 61, 938 P.2d 107, 108, 110 (App.1997) (precluding pleading de-

fendant from directly appealing felony designation "would violate [right to appeal under article II, § 24 of] the constitution" because Rule 32 does not allow for review); *cf. State v. Baca*, 187 Ariz. 61, 65, 926 P.2d 528, 532 (App.1996) (suggesting pleading defendant could have appealed directly if same ground for relief not available under Rule 32).

¶ 13 In short, § 13–4033(C) expressly eliminates the right to direct appeal for a class of non-pleading defendants. Such defendants are left with no other comparable means of obtaining appellate review that would provide an equally comprehensive safeguard against wrongful conviction. *Montgomery, supp. op.*, 182 Ariz. at 119 n. 1, 893 P.2d at 1282 n. 1. Because article II, § 24 entitles a criminal defendant to appellate review "in all cases," not merely those that involve potential claims remediable under Rule 32.1, we must conclude the provision is unconstitutional to the extent it is applied to deprive such defendants of their right to direct appeal.

¶ 14 That conclusion, however, does not end our inquiry. Like most constitutional rights, the constitutional right to appeal may be waived, as long as the waiver is knowing, voluntary, and intelligent. *State v. Wilson*, 174 Ariz. 564, 567, 851 P.2d 863, 866 (App.1993); *see State v. Cumbo*, 9 Ariz.App. 253, 257, 451 P.2d 333, 337 (1969); *see also Smith*, 184 Ariz. at 458, 910 P.2d at 3 ("A pleading defendant waives the right to *direct* appeal and may seek review only by filing in the trial court a petition for post-conviction relief pursuant to Rule 32."); *Montgomery*, 181 Ariz. at 259 n. 2, 889 P.2d at 617 n. 2 ("[W]e have never held, and we do not hold today, that a pleading defendant cannot waive his right to a *direct appeal* consistent with art. [II], § 24."). And, by its express terms, the language of § 13–4033(C) bars only those defendants who have absented themselves voluntarily from seeking direct appellate relief. By triggering its applicability on the voluntary conduct of defendants, we believe the legislature displayed an intent to curtail the right to appeal only as to those who have waived such rights by their conduct. Because we have a "duty to construe a statute so that it will be constitutional if possible," *State v. McDonald*, 191 Ariz. 118,

¶ 11, 952 P.2d 1188, 1190 (App.1998), we conclude § 13–4033(C) is constitutional to the extent the state has established that a defendant's voluntary failure to appear timely for a sentencing hearing demonstrates a knowing, voluntary, and intelligent waiver of his constitutional right to appeal.[2]

¶ 15 The state argues that we can conclude Soto waived his right to appeal by his mere voluntary absence before sentencing. To support its position, the state relies on the court rule providing that if a defendant fails to appear at a proceeding, it may take place in his absence, and he is deemed to have waived his constitutional right to appear. *See* Ariz. R.Crim. P. 9.1. We agree with the state that Rule 9.1 provides pertinent precedent for analyzing the appropriate pre-conditions for a finding of waiver here. But under Rule 9.1, a defendant's voluntary conduct standing alone is insufficient to constitute a waiver of the substantial constitutional right to presence at trial. Rather, our supreme court has concluded that a defendant may be deemed to have waived that right knowingly and intelligently by voluntary absence only if the defendant has first been advised of the right to be present at trial and provided notice that the trial may go forward in his or her absence. *Id.* ("The court may infer that an absence is voluntary if the defendant had personal notice of the time of the proceeding, the right to be present at it, and a warning that the proceeding would go forward in his or her absence should he or she fail to appear.").

¶ 16 The state contends that these "personal notice" advisories set forth in Rule 9.1 merely provide an avenue by which the trial court may assure itself that a defendant's voluntary absence is a knowing and intelligent waiver of the right to be present, but that such personal notice is not a necessary prerequisite to a finding of waiver. And, the state maintains that, because defendants are presumed to have notice of all statutes including § 13–4033(C), we can presume Soto eventually became aware that his continued voluntary absence risked the loss of his appellate rights—even in the absence of any express warning by the court to that effect.[3] We cannot agree.

¶ 17 Although the relevant language of Rule 9.1 is arguably susceptible to the construction the state places upon it, the Rule's comment makes clear that our supreme court has viewed the personal notice advisories set forth therein as necessary pre-requirements for the finding of waiver—at least as to purported waivers of the right to presence at trial. That comment reads in pertinent part:

> The second sentence of Rule 9.1 embodies the rule of the District of Columbia Circuit Court·of Appeals, which has held that "voluntary" in the phrase "voluntary absence" must be construed to mean "an intentional relinquishment or abandonment of a known right or privilege," *Johnson v. Zerbst*, [304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461] (1938), and has therefore reversed convictions in which the defendant was not informed of his right to be present throughout the entire trial and warned that the trial would continue even in his absence. *See United States v. McPherson*, [421 F.2d 1127, 1130–31] (D.C.Cir.1969). The adoption of this standard in Arizona has the implied approval of the supreme court, *State v. Tacon*, 107 Ariz. 353, 355, 488 P.2d 973, 975 (1971) ...:

> > In order for a defendant to make a knowing and intelligent waiver of his right to be present at the trial, he must be aware that the trial will proceed without him if he fails to appear.

Ariz. R.Crim. P. 9.1 cmt. In short, Rule 9.1 was drafted to "embod[y]" and "adopt[ ]" the District of Columbia's requirements for prop-

**2.** We need not decide whether a valid waiver of the right to appeal hypothetically also could encompass a waiver of the right to post-conviction relief because the state has not urged any such conclusion and because we have decided there has been no waiver of any appellate rights under the circumstances presented here.

**3.** The record before us suggests that neither the experienced trial judge presiding over Soto's case nor the prosecutor representing the state at Soto's sentencing were aware of § 13–4033(C) and its potential application to him. In fact, without any objection from the state the trial court advised Soto that he had a right to appeal. As previously noted, Soto was sentenced on December 1, 2008. Section 13–4033(C) became effective September 25, 2008. *See* 2008 Ariz. Sess. Laws, ch. 25, § 1; *see also* Ariz. Const. art. IV, pt. 1, § 1(3) (laws effective ninety days after close of legislative session).

er waiver of the right to presence at trial as set forth in *McPherson.* Ariz. R.Crim. P. 9.1 cmt. The drafters understood that case to require the reversal of a conviction when a nonappearing defendant had not been provided personal notice of the potential consequences of that absence. *See id.* Moreover, when assessing a defendant's claim that his or her absence from trial was not voluntary, our supreme court has expressly referred to the personal notice provisions set forth in Rule 9.1 as "requirements." *See State v. Tudgay,* 128 Ariz. 1, 2–3, 623 P.2d 360, 361–62 (1981).[4]

¶ 18 Here, our state constitution has provided Soto with an express constitutional right to appeal. And, although that right can be waived by voluntary absence, we know of no reason why we should apply a lesser standard than that mandated in Rule 9.1 for finding such a waiver knowing and intelligent. Indeed, we previously have applied this waiver standard when addressing whether defendants who plead guilty before the effective date of § 13–4033(B) had waived their right to direct appeal by entering the plea. *See State v. Stevens,* 173 Ariz. 494, 495, 844 P.2d 661, 662 (App.1992) (concluding such defendants retained right to direct appeal because they had not knowingly and intelligently waived that right by pleading guilty); *see also* Ariz. R.Crim. P. 17.2(e)

(pleading defendants must be informed of loss of right to direct appeal when entering plea agreement); *State v. Benson,* 176 Ariz. 281, 284, 860 P.2d 1334, 1337 (App.1993) (voluntary waiver of right to appear at proceeding requires defendant to have been given personal notice of time of proceeding and right to be present and warning proceeding would be conducted without him). Because a knowing, voluntary, and intelligent decision has been the requirement of a waiver of constitutional rights in most other contexts, *see Schneckloth v. Bustamonte,* 412 U.S. 218, 237, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973), and because our supreme court has required that defendants receive "personal notice" before such a waiver will be found in the analogous context of a defendant's right to presence at trial, we can apply no lesser standard to any purported waiver of a defendant's constitutional right to appeal pursuant to § 13–4033.[5]

¶ 19 By those standards, we cannot characterize Soto's mere conduct in absconding before sentencing as a knowing and intelligent waiver of his constitutional right to appeal. Soto was never advised his failure to appear at sentencing would result in a waiver of his appeal rights.[6] To the contrary, after the statute had been in effect for several months, the trial court advised Soto at his sentencing that he "ha[d] a right to file a direct appeal." *See Stevens,* 173 Ariz. at 495, 844 P.2d at 662

---

**4.** During oral argument, the state emphasized that, in earlier jurisprudence, the supreme court appeared to reject any specific requirement that a defendant receive personal notice that the trial would proceed in his absence. *See State v. Davis,* 108 Ariz. 335, 336–37, 498 P.2d 202, 203–04 (1972). But that case was decided under a superseded rule of Arizona criminal procedure that contained no express personal notice requirement. *Id.* (applying former Rule 231, 1956 Rules Cr. Proc.). More importantly, Rule 9.1 was promulgated after *Davis,* and our supreme court has declined to amend either the pertinent language here, or the comment to it, although the court has subsequently revisited both the rule and the comment. *E.g.,* 174 Ariz. LVIII. Nor did the court offer any criticism for either the rule or the comment to it when applying the rule in *Tudgay,* 128 Ariz. at 2–3, 623 P.2d at 361–62.

**5.** To support its position that statutory notice should suffice to show waiver, the state relies solely on *State v. Soltero,* 205 Ariz. 378, ¶ 7, 71 P.3d 370, 372 (App.2003), for the proposition that "[t]he promulgation of a law by a legislature in accordance with its constitutional obligations

is deemed to constitute adequate notice to all." But the question in *Soltero* was whether an amendment to a criminal statute immediately effective pursuant to an emergency clause gave a defendant sufficient due process notice of one of the elements of the offense. *Id.* ¶ 1. And, as discussed, notice sufficient to demonstrate a knowing, voluntary, and intelligent waiver of a constitutional right is determined by a different standard. *E.g., Benson,* 176 Ariz. at 284, 860 P.2d at 1337 (voluntary waiver of right to appear at proceeding requires defendant to have been given personal notice of time of proceeding and right to be present and warning proceeding would go on without him); *cf. Manuel M. v. Ariz. Dep't of Econ. Sec.,* 218 Ariz. 205, ¶ 20, 181 P.3d 1126, 1132 (App.2008) (because waiver of constitutional rights must be knowing, voluntary, and intelligent, "a parent's nonappearance cannot constitute a constructive waiver of any rights that the parent has not been specifically informed he or she could lose by failing to appear").

**6.** Because no trial court would have so advised any defendants before the enactment of the stat-

(requiring personal notice that guilty plea would waive right to appeal pursuant to § 13–4033(B) when defendant entered plea before effective date of statute).

## CONCLUSION

¶ 20 Under the circumstances here, the application of § 13–4033(C) to preclude Soto from a direct appeal of his convictions would deny him his right to appeal under article II, § 24 of the Arizona Constitution without personal notice of this potential consequence.[7] For this reason, and because Soto's failure to appear for sentencing did not itself demonstrate a knowing, voluntary, and intelligent waiver, we deny the state's motions to dismiss these appeals.

CONCURRING: J. WILLIAM BRAMMER, JR. and GARYE L. VÁSQUEZ, Judges.

ute, we need not address the question of whether § 13–4033(C) would otherwise apply retroactively to the class of defendants like Soto who absconded before its enactment.

7. We do not believe it will be unduly burdensome for courts to provide such notice. *See, e.g., State v. Vaughn,* 163 Ariz. 200, 204, 786 P.2d 1051, 1055 (App.1989) (finding personal notice provided in written conditions of release sufficient for inference of voluntary absence when defendant had knowledge of trial date); Ariz. R.Crim. P. Form VI (standardized release order stating: "You have the right to be present at your trial and at all other proceedings in your case. If you fail to appear the court may issue a warrant for your arrest and/or hold the trial or proceeding in your absence.").