NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

PRESTON EARL MILKS, *Petitioner*.

No. 1 CA-CR 21-0186 PRPC
FILED 10-7-2021

Petition for Review from the Superior Court in Mohave County
Nos. CR 2018-01352
CR 2018-01582
The Honorable Billy K. Sipe, Jr., Judge *Pro Tempore*

**REVIEW GRANTED; RELIEF DENIED**

APPEARANCES

Mohave County Attorney's Office, Kingman
By Matthew J. Smith
*Counsel for Respondent*

Preston Earl Milks, Buckeye
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Brian Y. Furuya joined.

---

**B R O W N,** Judge:

¶1            Preston Earl Milks petitions this court for review from the summary dismissal of his petition for post-conviction relief filed under Arizona Rule of Criminal Procedure ("Rule") 33.1.  We have considered the petition for review and, for the reasons stated, grant review but deny relief.

¶2            In June 2019, Milks entered a plea agreement in which he pled guilty to one count of aggravated assault in CR 2018-01582 and two counts of aggravated assault in CR 2018-01352, all dangerous offenses.  On July 12, 2019, in accordance with the agreement's stipulated terms, the superior court sentenced Milks to prison for a total of 15 years.

¶3            At the sentencing hearing, Milks received and signed in each case a notice of his rights of review, explaining he had the right to seek post-conviction relief ("PCR") and must do so "**within 90 days of the entry of judgment and sentence**."   The notices warned Milks that if he did not timely commence a PCR proceeding, he "may never have another opportunity to have any errors made in [his] case corrected."  Milks signed each notice below the following statement: "I have received a copy of this notice explaining my right to appeal, my right to seek post-conviction relief and the procedures I must follow to exercise these rights."

¶4            On March 10, 2021, Milks filed a PCR notice in both cases.  A few weeks later, the superior court dismissed the notices as untimely. Nonetheless, the next month, Milks filed—and the court accepted— identical PCR petitions in his cases, asserting the following grounds for relief: (1) he received ineffective assistance of counsel and was punished twice for the same act, in violation of his constitutional rights, *see* Rule 33.1(a); (2) he had newly discovered material facts that would probably have changed the outcome of his case, asserting in part that his mental health issues were not fully examined or taken into consideration, *see* Rule 33.1(e); and (3) his failure to timely file his notice was not his fault, given his mental health issues, and thus he needed help in filing the petition, *see*

Rule 33.1(f). Milks further explained his claims in an accompanying affidavit.

**¶5** The superior court summarily dismissed the PCR petitions, finding Milks had not adequately explained why he did not pursue his claims in a timely manner. The court also rejected the substantive merits of his arguments, noting that Milks had cited no newly discovered material facts to support his Rule 33.1(e) claim and that his agreed-upon sentences were lawful because he had "committed separate crimes on separate occasions involving different victims."

**¶6** Milks petitioned for review, challenging only the superior court's May 3, 2021 orders dismissing his PCR petitions.[1] We will not disturb the summary dismissal of a PCR proceeding unless the petitioner establishes a clear abuse of discretion. *See State v. Poblete,* 227 Ariz. 537, 538, ¶ 1 (App. 2011).

**¶7** A defendant must initiate a Rule 33.1(a) claim "within 90 days after the oral pronouncement of sentence." Rule 33.4(b)(3)(A). The superior court may summarily dismiss an untimely Rule 33.1(a) claim, *State v. Rosario*, 195 Ariz. 264, 266, ¶ 7 (App. 1999), unless the defendant sufficiently explains "why the failure to timely file a notice was not the defendant's fault," Rule 33.4(b)(3)(D). Claims under Rule 33.1(b) through (h) must be commenced "within a reasonable time after discovering the basis for the claim." Rule 33.4(b)(3)(B). Even if not raised in a reasonable time, a defendant may still be able to raise a claim brought under Rule 33.1(b) through (h) if he or she can "provide sufficient reasons why the defendant did not raise the claim . . . in a timely manner." Rule 33.2(b)(1). The court may summarily dismiss a notice that fails to include such information. Rule 33.2(b)(1).

**¶8** On review, Milks repeats his claim that his delay resulted from his "mental health issues." He also reasserts his explanation that he filed his notice promptly once he had "learned of mistakes in his case from someone trained in the law," arguing such a development constitutes newly discovered material facts under Rule 33.1(e).

---

[1] Despite dismissing Milks' notices, the record indicates that the superior court treated the petitions as part of the same PCR proceeding. Therefore, we will not address any timeliness or preclusion issues that arguably arise from the court's earlier dismissal orders.

¶9        Although Milks restates the arguments he presented to the superior court, his conclusory assertions, unsupported by evidence or citation to legal authority, do not amount to a developed argument demonstrating the court's ruling is legally or factually erroneous. *See* Rule 33.16(c)(2)(D) (requiring petitioners to explain why their claims warrant relief); *State v. Bolton*, 182 Ariz. 290, 298 (1995) (failing to develop supporting argument waives the issue on review). On that basis alone, he has not established that he is entitled to relief.

¶10        Moreover, the superior court correctly rejected Milks' explanation that his mental health issues unduly impeded his ability to timely pursue his claims, given that he neither provided any details about the asserted issues nor reasonably explained how those issues accounted for his delay in seeking post-conviction relief. And the purported consequences of his unspecified mental health issues do not support a colorable Rule 33.1(e) claim, let alone account for his delay in raising it. *See State v. Amaral*, 239 Ariz. 217, 219, ¶ 9 (2016) (listing the requirements for a colorable claim based on newly discovered evidence). Finally, there is no merit in Milks' suggestion that his lack of legal knowledge justifies his delay, *see, e.g., State v. Solero*, 205 Ariz. 378, 380, ¶ 7 (App. 2003), particularly when he was properly advised at sentencing of his PCR rights and obligations.

¶11        Accordingly, we grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:   AA