844 P.2d 661

**STATE of Arizona, Appellee,**

v.

**Arlene June STEVENS, Appellant.**

**1 CA–CR 92–0762.**

Court of Appeals of Arizona, Division 1, Department E.

Dec. 24, 1992.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section, and Michael A. Edwards, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Lawrence S. Matthew, Deputy Public Defender, Phoenix, for appellant.

---

## OPINION

FIDEL, Chief Judge.

We hold in this appeal that recent amendments to Ariz.Rev.Stat.Ann. ("A.R.S.") section 13–4033 and Rule 17.1, Arizona Rules of Criminal Procedure, do not divest this Court of jurisdiction over appeals from judgments and sentences imposed pursuant to plea agreements entered before September 30, 1992.

Defendant Arlene Stevens was orally sentenced to serve 10.5 years in prison and ordered to pay $15,273.96 in restitution after pleading guilty to one count of fraudulent schemes, a class 2 felony, and one prior felony. Defendant also agreed at the change of plea hearing to disclose participation in other nonsexual and nonviolent crimes and provide restitution for those crimes in exchange for not being prosecuted. Defendant challenges her sentence on the ground that she should receive credit for 214 days of presentence incarceration, instead of the 200 days the trial court credited.

## JURISDICTION

In its answering brief, the State contests jurisdiction under recent amendments to A.R.S. section 13–4033(B), and Rule 17.1(e). *See* 1992 Ariz.Legis.Serv. No. 5 Ch. 184 (West); 1992 Ariz.Legis.Serv. No. 4 Ct.Order 19 (West). The amended statute and rule, which eliminate the right to appeal from judgments of guilt and sentences imposed pursuant to plea agreements, became effective on September 30, 1992.[1] The State takes the position that on September 30, this Court lost jurisdiction over appeals from any judgment or sentence imposed pursuant to a plea agreement.

The State is mistaken for two reasons. First, the right to appeal is substantive, not procedural. *State v. Birmingham*, 95 Ariz. 310, 316, 390 P.2d 103, 107

(1964). The amendments have only prospective application and affect only those plea agreements entered after September 30. *See* A.R.S. § 1–244 (1989) ("No statute is retroactive unless expressly declared therein."); *cf. State v. Warner*, 168 Ariz. 261, 264, 812 P.2d 1079, 1082 (App.1990) (general rule that legislation will have prospective application does not apply when "legislation is merely procedural in nature and does not affect substantive rights"). Because defendant entered her plea on March 11, 1992, prior to the effective date of amendments to the statute and rule, the amendments do not affect her appeal.

Second, any retrospective effect would be unconstitutional. The Arizona Constitution provides a right to appeal to all criminal defendants. Ariz. Const. art. 2, § 24. Assuming without deciding that this right, like others, can be waived, there was no waiver here. At the time this plea was entered, a guilty plea did not entail a waiver of the right to appeal. The trial court did not inform the defendant that there was such a consequence to her plea; to the contrary, the trial court advised defendant of her right to appeal. There was thus no waiver of appellate rights of any kind, let alone a waiver that could stand as knowing, voluntary, and intelligent.

The State's position is frivolous. This Court clearly has jurisdiction over appeals arising from plea agreements entered before September 30, 1992.

## SENTENCE

The State concedes error on the calculation of the presentence incarceration credit. The trial judge awarded defendant credit for 200 days of presentence incarceration credit. Defendant was arrested on October 5, 1991, and remained in custody until her sentencing on May 6, 1992. Defendant asserts, the State concedes, and this Court finds that defendant is entitled to 214 days of presentence incarceration credit. A de-

---

1. *See* Ariz. Const. art. 4, pt. 1, § 1(3) (nonemergency acts passed by the legislature are effective the 91st day after adjournment); 1992 Ariz.Legis.Serv. No. 7 (West) (noting that the Fortieth Legislature, Second Session, adjourned July 1,

1992); Supreme Court Order filed September 24, 1992, amending Court Order 19 (changing effective date of amendment of Rule 17.1(e) from December 1, 1992, to September 30, 1992).

fendant is entitled to presentence incarceration credit for all time spent in custody pursuant to an offense. A.R.S. § 13–709(B) (1989).

■ We also note a discrepancy among the sentencing minute entry, oral pronouncement of sentence, and taking of the plea. At the plea hearing, the trial judge satisfied himself that defendant was guilty of "a prior felony conviction in CR 90–10330.... [of] forgery," which is a class 4 felony. At the sentencing hearing, the trial judge referred to "one prior felony conviction, a class 2 felony." In the sentencing minute entry, the trial court described the prior convictions as trafficking in stolen property, CR 90–09968, a class 3 felony.

■ Upon finding a discrepancy between the oral pronouncement of sentence and a minute entry, a reviewing court must try to ascertain the trial court's intent by reference to the record. *State v. Bowles,* 173 Ariz. 214, 215, 841 P.2d 209, 210 (App. 1992). The plea hearing shows that the trial judge intended to accept defendant's plea to the prior felony conviction of forgery and dismiss the prior felony conviction of trafficking in stolen property, in conformity with the signed plea agreement. The minute entry should be corrected to reflect this intent.

The Court has reviewed the record for fundamental error and found none. Pursuant to A.R.S. sections 13–709(B) and 13–4037 (1989), we modify the sentence to grant defendant credit for 214 days of presentence incarceration and correct the minute entry to reflect the prior conviction admitted in the plea agreement and at the plea hearing.

KLEINSCHMIDT and O'MELIA,[2] JJ., concur.

---

**2.** The Honorable Michael J. O'Melia, Maricopa County Superior Court Judge, was authorized to participate in the disposition of this matter by the Chief Justice of the Arizona Supreme Court pursuant to article 6, section 3 of the Arizona Constitution.