NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JOSE ROBERT CABRERA, *Appellant.*

No. 1 CA-CR 13-0735

FILED 08-19-2014

Appeal from the Superior Court in Maricopa County
No. CR 2012-143021-001
The Honorable David B. Gass, Judge

**CONVICTIONS AFFIRMED; SENTENCES AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Stephen Whelihan
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Jon W. Thompson joined.

---

**B R O W N**, Judge:

¶1        Jose Robert Cabrera appeals his convictions and sentences for one count of misconduct involving weapons and two counts of threatening or intimidating.  Counsel for Cabrera filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), advising that after searching the record on appeal, he was unable to find any arguable grounds for reversal. Cabrera was given the opportunity to file a supplemental brief *in propria persona*.  He has not done so, and has not raised any issues for review through counsel.

¶2        Our obligation is to review the entire record for reversible error.  *State v. Clark*, 196 Ariz. 530, 537, ¶ 30, 2 P.3d 89, 96 (App. 1999).  We view the facts in the light most favorable to sustaining the conviction and resolve all reasonable inferences against Cabrera.  *State v. Guerra*, 161 Ariz. 289, 293, 778 P.2d 1185, 1189 (1989).  For the following reasons, we affirm Cabrera's convictions but modify his sentences to reflect 39 additional days of presentence incarceration credit.

¶3        The State indicted Cabrera for one count of unlawful flight, a class 5 felony, in violation of Arizona Revised Statutes ("A.R.S.") section 28-622.01; one count of misconduct involving weapons as a prohibited possessor, a class 4 felony, in violation of A.R.S. § 13-3102(A)(4); one count of hindering prosecution in the first degree, a class 5 felony, in violation of A.R.S. § 13-2510; and three counts of threatening or intimidating, class 1 misdemeanors, in violation of A.R.S. § 13-1202.  The following evidence was presented at trial.

¶4        Officer McElvain testified that in August 2012, he and Officer Soliz were on patrol near the Black Canyon freeway.  McElvain heard gunshots and observed a car traveling at a high rate of speed on the freeway access road.  McElvain activated his lights and siren to pursue the car, which eventually stopped in a parking lot.  When the driver's side door of the car opened, McElvain heard the sound of "metal clinking on the ground."  McElvain and Soliz then detained Cabrera, who was driving the

vehicle, and the passenger until another unit arrived to assist. When Officers Reeson and Rowley arrived at the scene, Cabrera, who had been yelling obscenities and kicking the inside of McElvain's vehicle, was placed in the backseat of their patrol vehicle.

**¶5** McElvain informed Reeson and Rowley that there were .45 caliber shell casings found on the ground outside of the vehicle, and after hearing the gunshots, he observed the passenger "throw a black object out of the car." Reeson recovered a .357 caliber handgun in the vicinity that McElvain indicated, as well as a .45 caliber semiautomatic handgun underneath the vehicle Cabrera was driving.

**¶6** Reeson testified that during transport, Cabrera referenced his connection to a dangerous drug cartel and directed the officers to watch an online video of men being beheaded. Several times Cabrera told the officers they would suffer the same fate, in front of their children. The officers testified they felt threatened by the words Cabrera said, the video he directed them to watch, and his overall physical aggression.

**¶7** A jury found Cabrera guilty as to count 2, misconduct involving weapons,[1] and counts 6 and 7, threatening or intimidating. Cabrera was acquitted of the remaining charges. The trial court sentenced him to a presumptive 4.5 years' term of imprisonment for the felony, with credit for 75 days of presentence incarceration. For the misdemeanors, the court imposed six months' jail time for each conviction, to be served concurrently with the felony sentence. Cabrera timely appealed.

**¶8** We have searched the entire record for reversible error and find none. All of the proceedings were conducted in accordance with Arizona Rules of Criminal Procedure. The record shows Cabrera was present at all pertinent proceedings and was represented by counsel. Cabrera had an opportunity to speak before sentencing, and the sentence imposed was within the statutory limits.

**¶9** We have determined, however, that the trial court incorrectly calculated the presentence incarceration credit. Cabrera was originally scheduled to be sentenced on August 9, 2013 but the hearing was postponed to September 17, 2013. Therefore, Cabrera should have been credited with an additional 39 days of presentence incarceration credit, for a total of 114 days. *See State v. Stevens*, 173 Ariz. 494, 495-96, 844 P.2d 661, 662-63 (App.

---

[1] Cabrera stipulated at trial that he was a prohibited possessor whose civil rights had not been restored at the time of the incident.

1992) ("A defendant is entitled to presentence incarceration credit for all time spent in custody pursuant to an offense.").

**¶10**       Based on the foregoing, we affirm Cabrera's convictions and sentences but modify Cabrera's sentence to reflect 114 days of presentence incarceration credit.[2]

**¶11**       Upon the filing of this decision, counsel shall inform Cabrera of the status of the appeal and his options.  Defense counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review.  *See State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984).  Cabrera shall have thirty days from the date of this decision to proceed, if he so desires, with a *pro per* motion for reconsideration or petition for review.



Ruth A. Willingham · Clerk of the Court
FILED: gsh

---

[2]       We also note that an error occurred relating to the sentences for counts 6 and 7.  The trial court sentenced Cabrera to concurrent six-month jail terms to run concurrent with his prison term in count 2, which was improper.  *See* A.R.S. § 13-707 ("A sentence of imprisonment for a misdemeanor shall be . . . served other than a place within custody of the state department of corrections."); *see State v. Garcia*, 165 Ariz. 547, 548 n.1, 799 P.2d 888, 889 n.1 (App. 1990) (finding that the trial court improperly ordered misdemeanor jail sentences to run concurrently with term of imprisonment).  The State, however, did not challenge the sentences by filing a cross-appeal and therefore we will not disturb the sentence.  *See State v. Dawson,* 164 Ariz. 278, 282-83, 792 P.2d 741, 745-46 (1990).