NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

IVAN ALVARADO, *Appellant.*

No. 1 CA-CR 14-0801
FILED 6-23-2015

Appeal from the Superior Court in Yavapai County
No. V1300CR820060768
The Honorable Michael R. Bluff, Judge

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

C. Kenneth Ray, II PC, Prescott
By C. Kenneth Ray, II
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Andrew W. Gould delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Peter B. Swann joined.

---

**G O U L D**, Judge:

¶1        Ivan Alvarado ("Defendant") appeals from his sentence to 11.25 years' imprisonment for one count of promoting prison contraband, a class two felony.  Defendant's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), advising this Court that after a search of the entire appellate record, no arguable ground exists for reversal.  Defendant was granted leave to file a supplemental brief *in propria persona*, and did not do so.

¶2        Our obligation in this appeal is to review "the entire record for reversible error."  *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999).  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031 and 13-4033(A)(1) (West 2015).[1]  Finding no reversible error, we affirm.

**FACTS AND PROCEDURAL HISTORY[2]**

¶3        A jury found Defendant guilty of possession of marijuana, possession of drug paraphernalia, and promoting prison contraband.  Defendant moved for acquittal on the charge of promoting prison contraband; he argued he did not "voluntarily" introduce marijuana into the jail because he was transported there in custody.  The court granted Defendant's motion and entered a judgment of acquittal on the count of

---

[1]        Unless otherwise specified, we cite to the current version of the applicable statutes because no revisions material to this decision have occurred.

[2]        We view the evidence in the light most favorable to sustaining the convictions and resulting sentences.  *See State v. Guerra*, 161 Ariz. 289, 293 (1989).

promoting prison contraband and proceeded to sentence him on the two remaining counts.

¶4 The State appealed the court's order granting Defendant's motion of acquittal and succeeded in having Defendant's conviction reinstated. As a result, the case was remanded for sentencing.

¶5 At sentencing, the trial court designated the offense as a non-dangerous, non-repetitive class two felony. The court did not find any aggravating or mitigating factors. The court did find Defendant was on release from custody on a separate felony charge at the time he committed the subject offense. Accordingly, the court sentenced Defendant to 11.25 years' imprisonment, arriving at this term by adding the statutorily mandated two years to the presumptive term of 9.25 years. *See* A.R.S. § 13-708(D) (formerly § 13-604(R)). Defendant was awarded a credit of 52 days for presentence incarceration.

¶6 Defendant appeals from the sentencing.

**DISCUSSION**

¶7 We have read and considered counsel's brief and carefully searched the entire record for reversible error; we find none. *Clark*, 196 Ariz. at 541, ¶ 49. We do note, though, that during sentencing the court stated it was sentencing Defendant as a first-time offender, but it actually sentenced Defendant as a repetitive offender. This does not, however, constitute reversible error.

¶8 The trial court imposed a legal sentence. The State alleged, and Defendant later stipulated, that he had prior felony convictions for forgery, possession of marijuana, and possession of drug paraphernalia. The parties' stipulation stated that these prior convictions would be used for sentencing purposes. Furthermore, during sentencing, Defendant's counsel agreed that the presumptive term that should be applied to Defendant was 9.25 years—the presumptive term for a class two felony committed by a category two repetitive offender. *See* A.R.S. § 13-703(I). Thus, it is clear from the record that the court intended to sentence Defendant as a repetitive offender.

¶9 We have determined, however, that the trial court incorrectly calculated that Defendant was entitled to 52 days of presentence incarceration credit. The record reveals that Defendant was taken into custody on September 11, 2014. He remained in custody until he was sentenced on November 3, 2014. Defendant, therefore, was incarcerated for

a total of 53 days prior to sentencing, and he should be awarded one additional day of presentence incarceration credit. Thus, we modify the sentence to reflect this. *See* Ariz. R. Crim. P. 31.17(b); *State v. Stevens*, 173 Ariz. 494, 495–96 (App. 1992) (correcting a miscalculation in credit by modifying the sentence without remanding to the trial court).

## CONCLUSION

**¶10**  For the foregoing reasons, we affirm Defendant's sentence as modified. We correct the sentencing minute entry so that the offense is designated as "repetitive" rather than "non-repetitive," and we award Defendant an additional day of presentence incarceration credit.

**¶11**  Counsel's obligations pertaining to Defendant's representation in this appeal have ended. Counsel need do nothing more than inform Defendant of the status of the appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Defendant shall have thirty days from the date of this decision to proceed, if he so desires, with an *in propria persona* motion for reconsideration or petition for review.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama