NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

RYAN MITCHELL SULLIVAN, *Appellant*.

No. 1 CA-CR 15-0560,
No. 1 CA-CR 15-0564
(Consolidated)
FILED 6-16-2016

Appeal from the Superior Court in Maricopa County
Nos. CR2014-156787-001 DT, CR2006-163039-001 DT
The Honorable Virginia L. Richter, Judge *Pro Tempore*

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Tennie B. Martin
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Chief Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Judge John C. Gemmill joined.

---

**B R O W N**, Chief Judge:

**¶1**        Ryan Mitchell Sullivan appeals his conviction and sentence for possession of dangerous drugs and the resulting probation revocation. Counsel for Sullivan filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), advising that after searching the record on appeal, she was unable to find any arguable grounds for reversal.  Sullivan was granted the opportunity to file a supplemental brief *in propria persona*, but he has not done so.

**¶2**        Our obligation is to review the entire record for reversible error.  *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999).  We view the facts in the light most favorable to sustaining the conviction and resolve all reasonable inferences against Sullivan.  *State v. Guerra*, 161 Ariz. 289, 293 (1989).  Finding no reversible error, we affirm Sullivan's conviction and sentence as modified.

**¶3**        The State charged Sullivan with one count of possession of dangerous drugs, a class 4 felony, in violation of Arizona Revised Statutes ("A.R.S.") section 13-3407.  The following evidence was presented at trial.

**¶4**        On the afternoon of December 1, 2014, Officer Widmer observed Sullivan jaywalk across a four-lane street.  Widmer turned his patrol vehicle around and pulled up next to Sullivan.  When Widmer exited his vehicle and approached Sullivan, he noticed Sullivan place his hands in his pockets.  Widmer asked Sullivan to remove his hands from his pockets and to sit on the pavement.  Sullivan complied and also provided his name and date of birth.

**¶5**        Widmer discovered that Sullivan had an outstanding arrest warrant.  While searching Sullivan incident to arrest, Widmer discovered a plastic baggie in Sullivan's shorts pocket that contained a crystal substance. Sullivan explained that he did not know the baggie was in the pocket because he had borrowed the shorts from his brother-in-law. With forensic

testing, the content of the baggie was identified as 346 milligrams of methamphetamine, a usable amount.

¶6            Sullivan's sister testified that Sullivan was living with her at the time of his arrest.  She explained that Sullivan had recently been released from prison and had received a donated box of clothing.  She also testified that the shorts Sullivan was wearing at the time of his arrest could have belonged to her fiancé or her fiancé's brother.

¶7            Sullivan testified that prior to leaving his sister's apartment that day, one of the children brought him a pair of shorts.  Sullivan further testified that he had not used drugs in almost two decades, as a majority of that time he had been incarcerated.  Sullivan also testified about his prior convictions and that he was on probation for one of those convictions at the time of the instant offense.

¶8            A jury found Sullivan guilty as charged, which resulted in an automatic revocation of his probation. Prior to sentencing, the State and Sullivan stipulated to the two prior convictions that Sullivan had previously admitted to at trial.  The trial court sentenced Sullivan to eight and one-half years of imprisonment ("slightly less than the presumptive") on the instant offense, to be served concurrently with a two and one-half year sentence on the probation revocation.  He was awarded 425 days of presentence incarceration credit.  This timely appeal followed.

¶9            We have searched the entire record for reversible error and have found none, except for an error in the sentencing minute entry.[1]  All of the proceedings were conducted in accordance with Arizona Rules of

---

[1]       Although not specifically stated, and given that the presumptive sentence for a Class 4 felony with two prior historical felony convictions is ten years, *see* A.R.S.  § 13-703(J), the trial court sentenced Sullivan for the possession of dangerous drug conviction pursuant to A.R.S. § 13-703(J), which describes the sentencing range for a category three repetitive offender.  But the sentencing minute entry indicates the conviction was non-repetitive.   Because the court found that Sullivan had two prior historical felony convictions, we modify the sentencing minute entry to reflect that the conviction for possession of dangerous drugs was repetitive. *See State v. Stevens*, 173 Ariz. 494 (App. 1992) (noting that when a discrepancy exists between the oral pronouncement of sentence and a minute entry, a reviewing court must try to ascertain the trial court's intent by reference to the record) (internal citation omitted).

Criminal Procedure. The record shows that Sullivan was present at all pertinent proceedings, and was represented by counsel. Sullivan had an opportunity to speak before sentencing, and the sentences imposed were within the statutory limits. Accordingly, we affirm Sullivan's conviction, resulting probation revocation and sentence, as modified herein.

**¶10** Upon the filing of this decision, counsel shall inform Sullivan of the status of the appeal and his options. Defense counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Sullivan shall have thirty days from the date of this decision to proceed, if he so desires, with a *pro per* motion for reconsideration or petition for review.



Ruth A. Willingham · Clerk of the Court
F I L E D : AA