NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

TONY BROWN, *Appellant*

No. 1 CA-CR 16-0501
FILED 6-13-2017

Appeal from the Superior Court in Maricopa County
No. CR2015-149259-002
The Honorable Gregory Como, Judge

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Legal Defender's Office, Phoenix
By Cynthia D. Beck
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Donn Kessler delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Kenton D. Jones joined.

---

**K E S S L E R**, Judge:

¶1        Tony Brown ("Brown") appeals his convictions and sentences following a jury trial.  For the following reasons, we affirm his convictions, but modify his sentences to give him the correct amount of presentence incarceration credit.

### FACTUAL AND PROCEDURAL HISTORY[1]

¶2        NA was standing in line at a Circle K.  Brown came into the building and walked directly to the counter to purchase a bus pass.  NA commented to Brown that he needed to wait in line, and a verbal altercation ensued between the two men. After Brown purchased his bus pass he waited outside for NA.  When NA left the building the two re-engaged in a verbal altercation.

¶3        The altercation then turned physical, and both men threw punches at each other. During this altercation Brown pulled out a gun, pointed it at NA, and pulled the trigger. The gun jammed and a bullet was not discharged from the weapon. After the gun jammed it was then either handed off to, or taken by, Brown's acquaintance, JT.

¶4        NA ran to get help at a nearby construction site where an off-duty police officer was monitoring traffic. JT ran from the scene with the gun and Brown walked away and then sat down at a bus stop. Both JT and Brown were apprehended by police immediately after the incident. JT was found with a jammed gun.

¶5        Brown was charged with aggravated assault, a class three felony; misconduct involving weapons, a class four felony; and tampering with physical evidence, a class six felony. Prior to trial, the misconduct involving weapons charge was dismissed. Following a four-day jury trial, Brown was found guilty on both remaining charges and sentenced to an

---

[1]      We view the facts in the light most favorable to sustaining the verdict. *State v. Payne*, 233 Ariz. 484, 509, ¶ 93 (2013) (citation omitted).

aggravated concurrent term of 15 years' imprisonment for aggravated assault and 3.75 years for tampering with evidence. He was given credit for 252 days of presentence incarceration credit.

**¶6**         Brown timely appealed.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes (A.R.S.") sections 13-4031 (2017) and 13-4033(A)(1) (2008).[2]

## DISCUSSION

I.    Prosecutorial Misconduct

**¶7**         Brown argues that he was denied a fair trial due to prosecutorial misconduct. Specifically, Brown asserts that the prosecutor impugned defense counsel during closing arguments by likening the defense to a magic trick.

**¶8**         The comments Brown takes issue with are as follows. "Everything that the defense wants to point to that wasn't done, well, that's not evidence." "That's just a distraction argument that's just saying, well, you know the police didn't do their job. The police didn't do a good enough job, therefore, that State hasn't met their burden." And later in the argument, "the point is, did the State meet the burden of proving to you that a gun was pulled and point[ed]—the trigger pulled on [NA]. Everything else is a distraction."  The prosecutor then made an analogy to illusionist David Copperfield, stating:

> That's what's going on here. All these little things about DNA and surveillance video and [JT] this and that and victim chest versus neck, these are all just distractions. The real focus issue is gun or no gun, because the defendant says no gun, but the evidence says gun. So keep that in mind when you go back in the deliberations room. Don't be fooled. Don't fall for any distractions and find the defendant guilty.

**¶9**         Because defense counsel did not object to the comments at trial we review for fundamental error. *State v. Martinez*, 230 Ariz. 208, 214, ¶ 25 (2012) (citation omitted). To prove prosecutorial misconduct, the appellant must first prove misconduct occurred. *State v. Edmisten*, 220 Ariz. 517, 524, ¶ 23 (App. 2009) (citations omitted).  If the appellant can show misconduct occurred, he then must prove that the error was both

---

[2]      We cite to the current version of statutes unless changes material to the decision have since occurred.

fundamental and prejudicial. *State v. Henderson*, 210 Ariz. 561, 567-68, ¶ 20 (2005) (citations omitted).

**¶10**  Prosecutors are given wide latitude during closing arguments to the jury because "excessive and emotional language is the bread and butter weapon of counsel's forensic arsenal, limited by the principle that attorneys are not permitted to introduce or comment upon evidence which has not previously been offered and placed for the jury." *State v. Jones*, 197 Ariz. 290, 305, ¶ 37 (2000) (citation and quotation omitted). A prosecutor may not attack the integrity or honesty of opposing counsel; however, she may attack the defense theory. *State v. Ramos*, 235 Ariz. 230, 238, ¶ 25 (App. 2014) (citations omitted). We find the prosecutor's comments did not amount to prosecutorial misconduct.

**¶11**  Here, the prosecutor's comments were not directed at defense counsel, but rather the defense theory and tactic. The prosecutor never mentioned defense counsel nor made comments about counsel specifically. Instead prosecutor likened the defense to an illusion or magic trick; we do not find this to be improper. *See, e.g.*, *State v. Lynch*, 238 Ariz. 84, 96, ¶ 29 (2015) (citations omitted) (finding prosecutor's repeated suggestions that defense theories were not credible was not misconduct), *rev'd on other grounds*, *Lynch v. Arizona*, 136 S. Ct. 1818 (2016); *State v. Amaya-Ruiz*, 166 Ariz. 152, 171 (1990) (finding the characterization of defense as "outrageous" and a "smoke screen" permissible); *Ramos*, 235 Ariz. at 237-38, ¶¶ 24-25 (holding there was no misconduct where prosecutor suggested defense counsel was attempting to divert jurors by raising distractions or "red herrings").

II. Presentence Incarceration Credit

**¶12**  Brown argues, and the State agrees, the trial court incorrectly credited Brown with 252 days of presentence incarceration credit when he was entitled to 260 days. Therefore, pursuant to A.R.S. § 13-4037 (2017), this Court modifies Brown's sentences to reflect a total of 260 days of presentence incarceration credit. *See State v. Stevens*, 173 Ariz. 494, 496 (App. 1992).

**CONCLUSION**

¶13        For the foregoing reasons, we affirm Brown's convictions, but modify his sentences to reflect 260 days of presentence incarceration credit.

