NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

DOUGLAS LEE MYNATT, *Appellant*.

No. 1 CA-CR 17-0682
FILED 9-25-2018

Appeal from the Superior Court in Maricopa County
No. CR2016-159251-001
The Honorable Marvin L. Davis, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Carlos Daniel Carrion
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Peter B. Swann delivered the decision of the court, in which Presiding Judge Randall M. Howe and Judge Jennifer M. Perkins joined.

**S W A N N,** Judge:

**¶1**        This is an appeal under *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), from Douglas Lee Mynatt's convictions and sentences for forgery and criminal possession of a forgery device.  Neither Mynatt nor his counsel identify any issues for appeal.  We have reviewed the record for fundamental error.  *See Smith v. Robbins*, 528 U.S. 259 (2000); *Anders*, 386 U.S. 738; *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999).  We find none.

**¶2**        The state presented evidence of the following facts at a jury trial.

**¶3**        On the evening of December 20, 2016, a police officer trainee stopped a vehicle because he was unable to read the paper temporary license affixed to the rear window.  As the officer approached the vehicle, he noticed that one of the numbers on the temporary license was offset and blurred.  The officer asked Mynatt, the vehicle's driver and sole occupant, for his driver's license.  When Mynatt responded that he had no license or any other form of identification, the officer arrested him, read him his *Miranda*[1] rights, searched him, removed two wallets from his rear pants pocket, and placed him in a police vehicle.  Officers then opened the wallets and, in one's clear window slot, found what appeared to be a broken driver's license.  The license was composed of three taped-together pieces, one of which was a different shade than the others.  Lettering did not match up between the differently shaded portions, and the license was missing a piece that included the front display of the licensee's birth year.  The photograph on the license looked like Mynatt, but police research revealed that the license number and name were associated with a physically dissimilar and substantially older person.  Police research also revealed that the vehicle was associated with a different registration expiration date than that reflected on the temporary license.

**¶4**        At some point, officers questioned Mynatt.  He denied ownership of the driver's license and stated that he had owned the vehicle for, alternately, one or three weeks.  Officers searched the vehicle and found, beneath a large amount of clothing in the trunk, a laptop and two printers or scanners.

**¶5**        The jury convicted Mynatt of forgery related to the temporary license, forgery related to the driver's license, and possession of a forgery

---

[1]        *Miranda v. Arizona*, 384 U.S. 436 (1966).

device.  Mynatt stipulated to multiple prior felony convictions, and the court imposed prison terms.

¶6            We detect no fundamental error.  Mynatt was present and represented at all critical stages.  The jury was properly comprised under A.R.S. § 21-102 and was properly instructed.

¶7            The jury's forgery verdicts were supported by sufficient evidence.  A person commits forgery under A.R.S. § 13-2002(A)(2) "if, with intent to defraud, the person . . . [k]nowingly possesses a forged instrument."  A forged instrument is "a written instrument that has been falsely made, completed or altered."  A.R.S. § 13-2001(8).  For purposes of forgery, a written instrument is "[a]ny paper, document or other instrument that contains written or printed matter or its equivalent," or "[a]ny token, stamp, seal, badge, trademark, graphical image, access device or other evidence or symbol of value, right, privilege or identification."  A.R.S. § 13-2001(12).  The state's evidence established that Mynatt was driving a vehicle bearing an altered temporary license, and that when confronted about the license he told two different stories regarding how long he had owned the vehicle.  The evidence also established that an altered driver's license bearing Mynatt's photograph was found in a wallet he carried on his person.

¶8            The jury's verdict on possession of a forgery device was also supported by sufficient evidence.  A person commits possession of a forgery device under A.R.S. § 13-2003(A)(1) if he "[m]akes or possesses with knowledge of its character and with intent to commit fraud any plate, die, or other device, apparatus, equipment, software, access device, article, material, good, property or supply specifically designed or adapted for use in forging written instruments."  The state's evidence established that Mynatt was driving a vehicle with a paper license altered by use of some technology, and obscured in the trunk of the vehicle were a laptop and two printers or scanners.

¶9            Mynatt admitted to at least two historical prior felony convictions under A.R.S. § 13-105(22)(b) and (c), and he was correctly sentenced as a category three repetitive offender under § 13-703(C) and (J).  For the forgery convictions, the court imposed legal concurrent, presumptive 10-year prison sentences under A.R.S. §§ 13-703(J) and -2002(C).  For the possession of a forgery device conviction, the court

imposed a legal concurrent, presumptive 3.75-year prison sentence.[2]  The court correctly credited Mynatt with 133 days of presentence incarceration under A.R.S. § 13-712(B).

**¶10**        We affirm.  Defense counsel's obligations pertaining to this appeal have come to an end.  *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).  Unless, upon review, counsel discovers an issue appropriate for petition for review to the Arizona Supreme Court, counsel must only inform Mynatt of the status of this appeal and his future options.  *Id.* Mynatt has 30 days from the date of this decision to file a petition for review *in propria persona*.  *See* Ariz. R. Crim. P. 31.21(b)(2)(A).  Upon the court's own motion, Mynatt has 30 days from the date of this decision in which to file a motion for reconsideration.  *See* Ariz. R. Crim. P. 31.20(c).



---

[2]        We note that the court's oral pronouncement of sentence at one point characterized the sentence as "the presumptive term of 3.5 years" instead of the 3.75 years reflected in the minute entry, order of confinement, and statute.  But almost immediately after making that oral statement, the court explained that the concurrent nature of the prison terms meant that "it'll be a total term of 10 years *not 13.75 or more*."  (Emphasis added.)  Because this second statement corrects the first in a manner consistent with the written orders, we conclude that there is no discrepancy requiring our attention. *Cf. State v. Whitney*, 159 Ariz. 476, 487 (1989); *State v. Stevens*, 173 Ariz. 494, 496 (App. 1992).