NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

ROXANNE DENISE LEMONS, *Appellant*.

No. 1 CA-CR 19-0192
1 CA-CR 19-0197
(Consolidated)

FILED 5-19-2020

Appeal from the Superior Court in Maricopa County
No. CR2017-108925-001
CR2009-005598-001
(Consolidated)
The Honorable Erin O'Brien Otis, Judge (Retired)

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Gracynthia Claw
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jesse Finn Turner
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge David B. Gass delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Maria Elena Cruz joined.

---

**G A S S**, Judge:

¶1        In her 2017 case, Roxanne Lemons appeals her convictions and sentences for 26 counts related to crimes including forgery, theft, identity theft, and aggravated identity theft. The superior court neither abused its discretion in denying Lemons's proposed jury instructions, nor did it err when it denied Lemons's motion to dismiss the allegation of a sentence enhancement. This court, therefore, affirms Lemons's 2017 case convictions and the sentence in Lemons's consolidated 2009 case in which the superior court revoked her probation and imposed a consecutive, presumptive prison term. This court, however, amends the sentencing order in the 2017 case to reflect the superior court's imposition of a presumptive sentence on each of the 26 counts with two years added under A.R.S. § 13-708.D. *See State v. Stevens*, 173 Ariz. 494, 496 (App. 1992) ("Upon finding a discrepancy between the oral pronouncement of sentence and a minute entry, a reviewing court must try to ascertain the trial court's intent by reference to the record.").

**FACTUAL AND PROCEDURAL HISTORY**

¶2        This court considers the facts and all reasonable inferences in the light most favorable to sustaining the convictions. *State v. Tucker*, 205 Ariz. 157, 160 n.1 (2003). Sometime before November 2016, P.C., Lemons's cousin, noticed her driver's license and some personal cards were missing. P.C. assumed she misplaced her wallet, so she replaced her driver's license and other cards without further thought. Police later discovered these cards in Lemons's possession.

¶3        Lemons was charged with 26 counts related to identity theft and forgery. The State alleged Lemons used P.C.'s personal information on three different occasions. The indictment alleged on November 7, 2016, and November 14, 2016, Lemons used P.C.'s identity to rent an apartment and to sign supporting documents. On November 21, 2016, the indictment alleged Lemons used P.C.'s identity to finance furniture purchased from Conn's furniture store. P.C. testified she did not complete or participate in

these transactions, though her identity was used, and she did not give Lemons permission to use her identity for these purposes.

¶4        At trial, several witnesses testified, including Jessica Castaneda. Castaneda was the apartment manager for an apartment complex in the Phoenix area. Castaneda identified Lemons as the person who presented P.C.'s identification and signed several lease documents as P.C. to begin the process of leasing an apartment from her complex. Castaneda stated Lemons signed the documents in her presence.

¶5        Before the case was given to the jury to deliberate, Lemons requested several jury instructions not in the Revised Arizona Jury Instructions (RAJIs), including a definition of "defraud" for the forgery instructions. Lemons's proposed definition came from Black's Law Dictionary: "To cause injury or loss to a person or organization by deceit in order to get money" (Dictionary Instruction). Lemons also proposed adding language from *State v. McFall*, 103 Ariz. 234 (1968). Her proposed instruction said "[a]n intent to deceive is not alone sufficient to constitute the crime" (*McFall* Instruction). *See McFall*, 103 Ariz. at 237 (discussing A.R.S. § 36-1017 (Repealed by Laws 1979, Ch. 103, § 14, eff. July 1, 1981)). The superior court denied both requests.

¶6        The superior court ultimately instructed the jury based on the RAJIs as follows: "The crime of forgery requires proof that the defendant, with the intent to defraud, falsely made, completed or altered a written instrument." During jury deliberations, the jury asked, "what is the legal definition of defraud?" Lemons then urged the superior court to include the Dictionary Instruction, the *McFall* Instruction, or both. The superior court again declined to give a definition. The superior court instead instructed the jury to rely on their common sense, logical reasoning, and experience as to the meaning of the word defraud.

¶7        The jury found Lemons guilty on all 26 counts. Then, the State alleged three aggravating circumstances: (1) the offenses caused emotional and financial harm to the victim; (2) Lemons was on release for a felony in case number CR2016-005479-001 when she committed the offenses; and (3) Lemons was on probation in case number CR2009-005598-001 when she committed the offenses. Because Lemons was on felony release and probation when she committed the offenses in the 2017 case, the superior court had to add two years to any sentence it imposed and could not impose less than the presumptive sentence. *See* A.R.S. § 13-708.A, .D.

¶8            During the aggravation phase, the State called Officer Gary Gratz to testify as to his knowledge of Lemons's release status. Officer Gratz stated Lemons was on release for case number CR2016-005479-001, a felony matter, when Lemons committed the acts alleged in the 2017 case. The State also introduced certified copies of the indictment, an arraignment minute entry, and a release order, all pertaining to case number CR2016-005479-001.

¶9            After the close of evidence in the aggravation phase, Lemons moved for dismissal of the second and third sentence enhancement allegations under Arizona Rule of Criminal Procedure 20(a)(2), claiming the aggravators were not proven by substantial evidence. The superior court denied the Rule 20 motion. The jury found the aggravating circumstances alleged were proven beyond a reasonable doubt.

¶10           At sentencing, the superior court found Lemons had four historical prior felony convictions. On count 1, the superior court sentenced Lemons to a presumptive term of 11.25 years plus two years for being on felony release at the time of the offense, for a total of 13.25 years. On counts 2 through 24 and 26, the superior court sentenced Lemons to a 10 year presumptive sentence plus two years for being on felony release at the time of the offenses for a total of 12 years on each count. On count 25, to a 3.75 year presumptive term plus two years for being on felony release at the time of the offense for a total of 5.75 years. All terms of imprisonment in the 2017 case are concurrent. Lemons was given 757 days of presentence incarceration credit on the concurrent sentences.

¶11           In the 2009 case, the superior court sentenced Lemons to a 2.5 year presumptive sentence with credit for 32 days served before her arrest and incarceration in the 2017 case. Lemons must serve the sentence in the 2009 case consecutive to the sentences in the 2017 case because she was on probation when she committed the offenses in the 2017 case.

¶12           Though the parties do not raise any concern about the sentencing order, this court notes during the sentencing hearing on March 22, 2019, the superior court was clear it was imposing presumptive terms on each of the counts in the 2017 case. At a bench conference before the sentencing hearing began, the following exchange occurred:

     Mr. Mangum: Just asking for the presumptive.

     The Court: Okay. That's my intent to do.

4

¶13    After the bench conference, the superior court explained the bench conference as follows:

The Court: So what I chatted with the lawyers about is obviously, under the circumstances, you are facing a considerable amount of time based on your jury verdicts. So I wanted to let everyone know that I did not intend to go over the minimum of what's required under the law, which is the presumptive. I think the only distinction between what the State's going to be asking for versus what your lawyer is going to be asking for is on the probation violation because I'm required to give you no less than 11.25 plus 2, which is what I intend to do. That's the minimum. And then the State's asking for the presumptive on the probation violation. Your lawyer will be asking for the bare minimum, so that's the only area of contention probably at this point. Would you agree that that is the summary of what was discussed up at the bench?

Mr. Hermes: Yes, Your Honor.

Mr. Mangum: Yes.

¶14    The sentencing hearing continued. When the time came for the superior court to pronounce sentence orally in open court, the superior court spoke consistent with the above, specifically saying:

. . . I'm going to go ahead and start with Count 1, not just because it's Count 1 but because it's the one that has the highest punishment attached to it. As we discussed earlier, the minimum that the Court can give you for that count is 11 and a quarter years plus two for the being on release. I don't have any discretion to go below that, and the Court does find that the minimum presumptive plus two is appropriate for you for this count. So it is the judgment and sentence of the Court that you be imprisoned for Count 1 in the Arizona Department of Corrections for 13 and a quarter years.

. . . .

As it relates to Counts 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, and 26, those are all Class 4 felonies with the prior felony convictions. The minimum the Court can give you for those counts is ten years plus two. So

for all those counts that I just identified, it is the judgment and sentence of the court that you be imprisoned in the Arizona Department of Corrections for the presumptive sentence plus two of 12 twelve years.

. . . .

I will then go ahead to Count 25, which I am on now, and the minimum I can give you for that is the presumptive sentence of 3.75 years plus 2. Again, the Court does believe that that is appropriate. It is therefore the judgment and sentence of the Court that you be imprisoned in the Arizona Department of Corrections for that presumptive sentence plus two, which is 5.75 years.

¶15 The sentencing order in the 2017 case, however, does not reflect the imposition of presumptive sentences plus two years for being on felony release at the time of the offenses. Instead, for count 1, the minute entry shows the superior court imposed "[a] less than Maximum term of 13.25 years . . . ." For counts 2 through 24 and count 26, the minute entry shows the superior court imposed "[a] Maximum term of 12 years . . . ." For count 25, the minute entry shows the superior court imposed "[a]n Aggravated term of 5.75 years . . . ." The sentencing minute entry further makes no reference to the two-year enhancement based on Lemons's status of being on felony release when she committed the offenses.

¶16 Lemons filed a timely notice of appeal challenging the forgery convictions and sentences. This court has jurisdiction under Article 6, Section 9 of the Arizona Constitution, and A.R.S. §§ 12-120.21.A.1, 13-4031, and 13-4033.A.

## ANALYSIS

I. **The superior court did not abuse its discretion when it denied Lemons's requested jury instructions.**

¶17 This court reviews the denial of a requested jury instruction for an abuse of discretion. *State v. Wall*, 212 Ariz. 1, 3, ¶ 12 (2006). "Where the law is adequately covered by the instructions as a whole, no reversible error has occurred." *State v. Doerr*, 193 Ariz. 56, 65, ¶ 35 (1998).

¶18 "The primary test for jury instructions is whether the instructions considered as a whole, sufficiently instructed the jury on the proper rule of law." *State v. Bridgeforth*, 156 Ariz. 60, 64 (1988). An

instruction need not be given if other instructions, which are given, state the law adequately. *See id.* at 65. A trial court need not define each word or phrase in a jury instruction when they are used in their ordinary sense and are commonly understood. *See State v. Forde*, 233 Ariz. 543, 564-65, ¶ 82 (2014).

**¶19**    The superior court did not abuse its discretion when it denied Lemons's requests to include the Dictionary Instruction. Lemons argues the superior court should have given the Dictionary Instruction defining defraud as "caus[ing] injury or loss to a person or organization by deceit in order to get money." Lemons argues the jury's request for a legal definition of defraud during deliberations proves her point, saying the jurors needed the definition of defraud from her Dictionary Instruction.

**¶20**    Simply put, "defraud" is a commonly used word. Because the RAJI instruction was sufficient, adding the Dictionary Instruction was unnecessary. *See Forde*, 233 Ariz. at 564-65, ¶ 82. Further, adding the proposed Dictionary Instruction would have added the incorrect and likely confusing "in order to get money" concept to the definition. *See State v. Bedoni*, 161 Ariz. 480, 486 (App. 1989) (holding the "intent to defraud" requirement of the Arizona forgery statute is satisfied by showing the defendant obtained a "benefit or advantage"). Therefore, the Dictionary Instruction would have misled the jury.

**¶21**    The superior court also did not abuse its discretion when it denied Lemons's requests to include the *McFall* Instruction. Lemons's proposed *McFall* Instruction said, in part, "[a]n intent to deceive is not alone sufficient to constitute the crime." *See McFall*, 103 Ariz. at 237. To begin, Lemons did not provide adequate reasoning to give the *McFall* instruction in addition to the RAJI instruction. Further, the *McFall* instruction unnecessarily complicated the intent element of forgery.

**¶22**    The RAJI adequately defined the elements of forgery under Arizona law, including the intent element of forgery. The instructions provided definitions for "intentionally," "with intent to," and "intent-inference." The proposed additional language from the *McFall* instruction, therefore, had the potential to mislead or confuse the jury and offered nothing to assist the jury's understanding of the law.

II. **Substantial evidence shows Lemons was on felony release when she committed the 2017 offenses.**

¶23        After the jury found Lemons guilty in the 2017 case, the jury next had to determine if there were aggravating circumstances in the case. Under A.R.S. § 13-708.D,

> [a] person who is convicted of committing any felony offense that is committed while the person is released on bond or on the person's own recognizance on a separate felony offense . . . shall be sentenced to a term of imprisonment two years longer than would otherwise be imposed for the felony offense committed while on release.

¶24        On appeal, Lemons argues no substantial evidence was presented to show she was on release when she committed the 2017 offenses. Lemons, therefore, argues the superior court should have granted her motion for directed verdict against the enhancement.

¶25        This court reviews sufficiency of the evidence claims made under Rule 20 *de novo*. *State v. West*, 226 Ariz. 559, 562, ¶ 15 (2011). This court will not disturb a verdict if it is supported by substantial evidence. *State v. Pena*, 235 Ariz. 277, 279, ¶ 5 (2014). "Substantial evidence is evidence that reasonable persons could accept as sufficient to support a guilty verdict beyond a reasonable doubt." *Id.* (internal quotations omitted). This court views the evidence in the light most favorable to sustaining the conviction and resolves any conflicts in the evidence against Lemons. *See id.*

¶26        Subsection 13-708.D required the State to prove Lemons committed the 2017 offenses while she was on release for a different felony. The State met this burden, and the superior court did not err in denying Lemons's Rule 20 motion.

¶27        At trial, Officer Gratz testified as to his personal knowledge of the aggravating circumstances. Officer Gratz investigated the 2017 case as well as the earlier felony case, CR2016-005479-001 — the case Lemons was on release for when she committed the 2017 offenses. The State further admitted certified copies of three documents to prove Lemons was on release for a separate felony offense. These documents show Lemons was charged with at least one felony and released on her own recognizance shortly before she committed the acts covered by the 2017 offenses. Specifically, she had been released on her own recognizance three days earlier. These documents and Officer Gatz's testimony are sufficient to show Lemons was on felony release while she committed the 2017 offenses.

III.     **The sentencing minute entry in the 2017 case does not accurately reflect the sentences imposed by the court.**

**¶28**          The 2017 sentencing hearing transcript shows the trial court imposed presumptive terms on each of the 26 counts. *See* A.R.S. § 13-703.J. As required by state law, the superior court then added two years to each presumptive sentence because Lemons was on felony release at the time of the offenses. *See* A.R.S. § 13-708.D. Subsection 13-708.D adds to the length of a sentence, but it does not change the level of the sentence imposed. *See id.*

**¶29**          The sentencing minute entry in the 2017 case, however, does not reflect Lemons's presumptive sentences. Instead, it incorrectly indicates the superior court imposed a "less than Maximum sentence" on count 1 and "a Maximum sentence" on each of the remaining counts.

**¶30**          Because the superior court made plain its sentences during the sentencing hearing, as evidenced by the sentencing transcript, this court need not remand for resentencing. *See Stevens*, 173 Ariz. at 496. This court, therefore, amends the judgment of conviction to reflect Lemons received a presumptive sentence on each of the 26 counts in the 2017 case. Specifically, Lemons's sentence on count 1 is a presumptive sentence of 11.25 with 2 years added because of subsection 13-708.D, for a total of 13.25 years. Lemons's sentence under counts 2 through 24 and count 26 are presumptive sentences of 10 years with 2 years added because of subsection 13-708.D, for a total of 12 years. Finally, Lemons's sentence on count 25 is a presumptive sentence of 3.75 with 2 years added because of subsection 13-708.D, for a total of 5.75 years.

**¶31**          In all other respects, this court affirms the convictions and sentences imposed.

## CONCLUSION

¶32 The superior court did not abuse its discretion when it denied Lemons's requested jury instructions. The superior court also did not err when it denied Lemons's Rule 20 motion because the State presented substantial evidence to prove Lemons committed the acts while on release for a separate felony offense. This court affirms Lemons's convictions and sentences as amended in this memorandum decision.



AMY M. WOOD • Clerk of the Court
FILED:    AA